IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CHEVONNE TINGLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 25-774 (MN) |
| ) | |
| CAPITAL ONE FINANCIAL ) | |
| CORPORATION, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

Chevonne Tingle – Pro Se Plaintiff

Jessica C. Watt, Lesley Frieder Wolf, and Preston J. Spadaro, MARKS, BALLARD SPAHR LLP, Wilmington, Delaware – Counsel for Defendants Capital One Financial Corporation, Capital One Bank (USA) National Association, Capital One Funding, LLC, and Capital One Multi-Asset Execution Trust

February 2, 2026
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On May 28, 2025, Plaintiff Chevonne Tingle filed a complaint pro se in the Delaware Court of Chancery. (D.I. 1-1). Defendants Capital One Financial Corporation, Capital One Bank (USA) National Association, Capital One Funding, LLC, and Capital One Multi-Asset Execution Trust subsequently removed the case to this Court because it raises federal questions involving debt and securities. (D.I. 1). Now pending before the Court are Plaintiff's motion to remand this case to the Delaware Court of Chancery (D.I. 4), Defendants' motion to dismiss the complaint for failure to state a claim and plead fraud with particularity (D.I. 5), Plaintiff's motion to stay Defendants' motion to dismiss pending a determination on Plaintiff's motion to remand (D.I. 10), Plaintiff's motion for leave to file sur-reply regarding Defendants' motion to dismiss (D.I. 17) and Plaintiff's motion for expedited ruling on motion for remand (D.I. 19). Defendants' motion to dismiss will be granted and Plaintiff's pending motions will be denied.

**I.      BACKGROUND**

According to the complaint, on or about July 21, 2018, Plaintiff entered a credit agreement with Defendants. (D.I. 1-1 at 6). Then in 2023 or 2024, Plaintiff learned that Defendants had "securitized and traded" Plaintiff's credit account. (*Id.*). Based on this, Plaintiff believes that Capital One "no longer retains ownership of the receivables and holds no enforceable claim" to amounts charged to, or owed on, Plaintiff's credit account. (*Id.*). Plaintiff also believes that failure to disclose the foregoing to Plaintiff, and failure to obtain Plaintiff's consent for the foregoing, "constitut[e] a material omission." (*Id.* at 7).

Plaintiff sent Defendants a "Letter of Revocation" on August 5, 2023 and filed a "UCC-1 Financing Statement" on December 20, 2023. (*Id.*). Plaintiff believes that this "revoked any security interest previously held by Capital One." (*Id.*). In response, on or about February 20, 2025, Defendants sent Plaintiff a "Demand for Termination of Unauthorized Filing."

1

(*Id*.). Plaintiff believes that this letter "may constitute an improper attempt to interfere with her secured interest," in violation of the Fair Debt Collection Practices Act ("FDCPA") or other laws prohibiting "unauthorize practice, forgery, or conversion." (*Id.*). Based on the foregoing, Plaintiff seeks contract recission and various relief to include $95,000 in monetary damages. (*Id.* at 8-10).

## II. LEGAL STANDARDS

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint, the court must assume all "well-pleaded facts" are true but need not assume the truth of legal conclusions. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal quotation marks omitted).

Because Plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### III. DISCUSSION

The complaint fails to state a claim upon which relief may be granted. As Defendants assert (D.I. 6 at 10), the Third Circuit Court of Appeals has affirmed rejection of the notion that a bank loses all interest in a credit card account once it sells or trades the receivables, *see Scott v. Bank of Am.*, 2013 WL 6164276, at *1 (E.D. Pa. Nov. 21, 2013), aff'd, 580 F. App'x 56 (3d Cir. 2014). "[E]very time this argument has arisen across the country, it has been rejected." *Willard v. Bank of Am.*, 204 F. Supp. 3d 829, 833 (E.D. Pa. 2016) (listing cases). This futile argument is fundamental to all of Plaintiff's securities, contract, FDCPA, and other claims against Defendants. (D.I. 1-1).

As such, this Court will grant Defendants' motion to dismiss for failure to state a claim. (D.I. 5). Sur-reply is futile; therefore, Plaintiff's motion for leave to file sur-reply regarding Defendants' motion to dismiss will be denied. (D.I. 17). The complaint will be dismissed without prejudice. Plaintiff will be given one opportunity to file an amended complaint to cure the complaint's deficiencies if she can. Once filed, the amended complaint will be the singular, operative pleading in this case. Filing an amended complaint that fails to comply with this Memorandum Opinion and the corresponding Order may result in dismissal with prejudice. Failure to file any amended complaint will result in case closure.

Finally, Plaintiff's motion to remand this case to the Delaware Court of Chancery (D.I. 4) will be denied because this case raises federal questions and was properly removed by Defendants. The remainder of Plaintiff's pending motion will be denied as moot.

### IV. CONCLUSION

For the above reasons, the Court will grant Defendants' motion to dismiss (D.I. 5) and deny Plaintiff's pending motions (D.I. 4, 10, 17, 19).

An appropriate Order will be entered.